UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ERVINYONE MILLER | CIVIL ACTION |
| VERSUS | NO.  24-2027 |
| TREMAINE NEVERSON | SECTION: "O" (3) |

**REPORT AND RECOMMENDATION**

*Pro se* Plaintiff Ervinyone Miller filed this suit, her third in this Court against Defendant Tremaine Neverson, on August 19, 2024.[1] Plaintiff's motion for leave to proceed *in forma pauperis* was referred to the undersigned for determination.[2]

The Court determined that Plaintiff had shown financial eligibility therefor and thus granted that motion.[3] It ordered summons be withheld, however, in order to allow the Court to review Plaintiff's Complaint to determine whether it satisfies the other requirements of the federal *in forma pauperis* statute, 28 U.S.C. § 1915.[4] The Court noted that Plaintiff's Complaint facially failed to state a claim upon which relief could be granted and was frivolous.[5] Accordingly, it ordered Plaintiff to file a

---

[1] R. Doc. 1. Plaintiff's first lawsuit against Mr. Neverson, Case No. 22-4427, was filed on November 7, 2022. Plaintiff's second lawsuit against Mr. Neverson, Case No. 23-7397, was filed on December 27, 2023.
[2] R. Doc. 2.
[3] R. Doc. 3 at 1–2.
[4] *Id.*
[5] *Id.* at 3–4.

1

written statement to show cause why her case ought not be summarily dismissed no later than September 24, 2024.[6] The Court advised Plaintiff that "failure to respond in writing as directed w[ould] result in dismissal of the captioned complaint."[7] The deadline having passed with no submission from Plaintiff, the Court now recommends this matter be dismissed with prejudice under 28 U.S.C. 1915(e)(2)(B) for failure to state a claim upon which relief can be granted.

I.    **Law and Analysis**

"There is no absolute right to be allowed to proceed in forma pauperis in civil matters; rather it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious." *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969). Section 1915(e)(2) thus directs, in relevant part, that courts "**shall dismiss** [an *in forma pauperis* plaintiff's] case **at any time**" if the plaintiff's complaint fails to state a claim upon which relief may be granted or is determined to be frivolous. 28 U.S.C. 1915(e)(2) (emphasis added). A complaint is frivolous "if it lacks an arguable basis in law or fact." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). This standard, "when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[8] A complaint fails to state a claim upon which

---

6  *Id.* at 4.
7  *Id.*
8  *Nietzke* discusses a prior version of Section 1915 in which the analogous dismissal provisions were located at 28 U.S.C. § 1915(d).

relief may be granted when it does not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

The Complaint asserts that Mr. Neverson committed fraud against Plaintiff on July 30, 2024.[9] Plaintiff alleges Mr. Neverson "was gven [sic] money that he was supposed to give to me that he doesn't want to give to me. He said he would give it to me but he doesn't want to give it to me."[10] Plaintiff states she is "suing Tremaine Neverson for 166 trillion dollars he said he would give me but didn't."[11] But Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." In the Fifth Circuit a plaintiff asserting fraud must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Carlsen Mooring & Marine Servs., LLC v. Seacraft Shipyard, LLC*, CV 22-4102, 2023 WL 1861230, at *2 (E.D. La. Feb. 9, 2023). Plaintiff's claim for fraud is not pleaded with particularity, nor does the Complaint contain any of the specific information required to assert such a claim in this circuit. Plaintiff's Complaint therefore fails to state a claim upon which relief can be granted and is subject to dismissal under 28 U.S.C. 1915(e)(2)(B).

---

9 R. Doc. 1 at 4.
10 *Id.* at 5.
11 *Id.*

## II. Recommendation

Accordingly, having carefully reviewed the record of this matter in light of the applicable law, and for the foregoing reasons;

**IT IS RECOMMENDED** that Plaintiff Ervinyone Miller's Complaint be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted under 28 U.S.C. 1915(e)(2)(B).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 31st day of October, 2024.

_____
EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE